UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOSEPH WOODSON,

                                Plaintiff,

                                                    DECISION AND ORDER

                                                    10-CV-6263L

                v.

LORAM MAINTENANCE OF WAY INC.,

                                Defendant.
_____

## INTRODUCTION

On May 13, 2010, plaintiff Joseph Woodson ("plaintiff") commenced this action against defendant Loram Maintenance of Way, Inc. ("Loram"), alleging race-based discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., and the New York Human Rights Law, N.Y. Exec. Law §290 et seq. (Dkt. #1). Loram was served with process via certified mail at its Minnesota facility on or about January 26, 2011 (Dkt. #8, #9), but failed to appear, answer or move to dismiss the complaint. Upon plaintiff's request, the Clerk's entry of default was granted on April 21, 2011 (Dkt. #11). On June 8, 2011 (Dkt. #12), plaintiff moved for default judgment against defendant.

On June 23, 2011, defendant mailed correspondence to the Court, arguing that Loram has meritorious defenses to the action, and requesting an opportunity to oppose the plaintiff's motion for default judgment. The Court determined that the letter should be treated as a cross motion to vacate the Clerk's entry of default and directed that it be filed as such (Dkt. #15), and Loram thereafter formally moved to set aside the entry of default (Dkt. #18).

For the reasons set forth below, the plaintiff's motion for a default judgment (Dkt. #12) is denied, Loram's cross motion to vacate the entry of default (Dkt. #18) is granted, and Loram is granted an extension of time to file its answer.

## DISCUSSION

The procedure for setting aside of an entry of default for good cause is set forth in Rule 55(c) of the Federal Rules of Civil Procedure.  In assessing a motion pursuant to Fed. R. Civ. Proc. 55(c), "a court must evaluate: (1) the willfulness of the default; (2) the prejudice to the adversary if the default is set aside; and (3) whether the defendant can present a meritorious defense." *Gillard v. Clement*, 2008 U.S. Dist. LEXIS 100015 at *3 (W.D.N.Y. 2008), *quoting Holford USA Ltd., Inc. v. Harvey*, 169 F.R.D. 41, 44 (S.D.N.Y. 1996).  The Court's discretion to deny such motions is "narrow in light of the 'strong policies favoring the resolution of genuine disputes on their merits,' and the admonition that 'doubts are to be resolved in favor of trial on the merits." *Id.*, 169 F.R.D. 41 at 44, *quoting Traguth v. Zuck*, 710 F.2d 90, 94 (2d Cir. 1983).

Loram asserts that its failure to timely answer the complaint was not willful, but was simply the result of a good faith belief that plaintiff's attempt to serve Loram via certified mail was, as a matter of law, defective.  Loram cites a host of applicable federal and state case law, as well as commentary on the relevant procedural rules, in support of this conclusion.  (Dkt. #18-1 at 6-7).

There is also no evidence that plaintiff would be prejudiced by granting Loram an additional opportunity to respond to the complaint, given that this matter is still in its fledgling stages.

With regard to the meritorious defense component, the Second Circuit has held that only a "low threshold of adequacy" need be shown, *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981), "measured not by whether there is a likelihood that [the defense] will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir. 1993).  Loram's defenses, including a binding arbitration agreement which forecloses plaintiff from pursuing an action in this Court and plaintiff's election

- 2 -

of remedies through the New York State Division of Human Rights, are meritorious on their face, and either would provide a complete defense, resulting in the dismissal of this action in its entirety. These defenses meet and exceed the "low threshold" required to vacate an entry of default.

Loram's motion to vacate the entry of default is therefore granted.

## CONCLUSION

Loram's motion to vacate the Clerk's entry of default (Dkt. #18) is granted, and plaintiff's motion for a default judgment (Dkt. #12) is denied as moot..  Loram is directed to file and serve its response to plaintiff's complaint within twenty (20) days of entry of this order.

Plaintiff's motion for appointment of counsel (Dkt. #23) is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      August 12, 2011.