UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOSEPH WOODSON,

Plaintiff,

DECISION AND ORDER

10-CV-6263L

v.

LORAM MAINTENANCE OF WAY INC.,

Defendant.
_____

**INTRODUCTION**

On May 13, 2010, plaintiff Joseph Woodson ("plaintiff") commenced this action against defendant Loram Maintenance of Way, Inc. ("Loram"), alleging race-based discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., and the New York Human Rights Law, N.Y. Exec. Law §290 et seq. (Dkt. #1). Loram initially failed to respond to the complaint, and an entry of default was granted. Plaintiff moved for a default judgment (Dkt. #12), and Loram appeared and cross moved to vacate the Clerk's entry of default on multiple grounds, among them the contention that the plaintiff's claims are subject to a binding arbitration agreement. (Dkt. #15, #18). By Decision and Order of this Court entered August 12, 2011, plaintiff's motion was denied and Loram's motion to vacate the default was granted, and Loram was directed to serve its answer to the complaint. (Dkt. #25).

In lieu of an answer, Loram now moves for an order dismissing the complaint and compelling arbitration of this matter. (Dkt #26). For the reasons that follow, that motion is granted.

**DISCUSSION**

On February 27, 2006, in connection with his acceptance of employment with Loram, plaintiff executed a Confidentiality and Assignment Agreement (the "Agreement") which included an arbitration provision.  The provision stated:

> Arbitration.  Any claims or disputes of any nature arising out of or relating to the employment relationship . . . shall be resolved exclusively by arbitration in accordance with the Model Employment Arbitration Procedures of the American Arbitration [sic] as are in force at the time of the claim or dispute.  The place of arbitration shall be Loram's offices in Hamel, Minnesota.  Loram and I shall equally share the fees and the cost of such arbitration.  The Arbitrator and not and [sic] federal, state, or local court or agency shall have the exclusive authority to resolve any dispute or claim relating to, arising out of, or resulting from my employment with Loram, the termination of my employment with Loram and specifically includes any claim of discrimination including any claim arising under or based upon . . . Title VII of the Civil Rights Act of 1984[sic], . . . and any . . . tort or statutory claims . . ."

Dkt. #26-3 at ¶8.

It is well settled that there is a "strong federal policy in favor or arbitration . . . often and emphatically applied [by the Second Circuit]," *Am. Gen. Life Ins. Co. v. Oppenheimer Life Agency*, 2010 U.S. Dist. LEXIS 46573 at *5 (S.D.N.Y. 2010) which directs that questions concerning the arbitrability of claims be resolved in favor of arbitration.  *See Telenor Mobile Communications AS v. Storm LLC*, 584 F.3d 396, 406 (2d Cir. 2009).

Plaintiff's employment with Loram was terminated on August 4, 2009.  Although the parties disagree as to the reason plaintiff's employment ended, in his complaint, plaintiff alleges that during his three-and-a-half-year tenure with Loram, Loram subjected him to disparate treatment in the form of lesser pay and an improperly-applied "skill matrix assessment," created a hostile work environment through racially-charged comments by a supervisor, retaliated against plaintiff for complaining about discrimination in the workplace, and ultimately terminated his employment for discriminatory and/or retaliatory purposes.

It appears undisputed that all of plaintiff's instant claims arise out of or relate to his employment relationship with Loram, and thus fall squarely within the scope of the Agreement's arbitration clause.  It is also undisputed that claims of employment discrimination arising out of

federal and state statutes are arbitrable.  *See e.g.*, *Gold vv. Deutsche Aktiengesellschaft*, 365 F.3d 144, 147 (2d Cir. 2004).

Indeed, plaintiff makes no argument that the arbitration clause is invalid or inapplicable to his claims: his sole objection to arbitration is that his underlying claims are meritorious and that he fears Loram's alleged lack of integrity will somehow taint the arbitration process.  (Dkt. #27, #31).  However, analysis of whether claims should be decided by a court or an arbitral forum "take[] no account of the merits of the claims asserted in the complaint."  *Ragone v. Atlantic Video*, 595 F.3d 115, 117-118 (2d Cir. 2010) (citing *JLM Indus., Inc. v. Stolt-Nielsen SA*, 387 F.3d 163, 171 (2d Cir. 2004) ("[d]etermination of the arbitrability of . . . claims . . . does not in any way rest upon the strength of those claims")).  Further, plaintiff gives no plausible rationale and provides no evidence to suggest that his claims will not be treated with due fairness and impartiality in arbitration.

## CONCLUSION

I find that all of plaintiff's instant claims are subject to a valid arbitration agreement, and that a stay of the instant proceedings would serve no purpose.  Loram's motion to compel arbitration of the instant matter and dismiss the complaint (Dkt. #26) is granted, and plaintiff's opposition, styled as a motion for retention of jurisdiction by this Court (Dkt. #31), is denied.  The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       December 5, 2011.